UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA K. RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:20-cv-1192-HBK<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND/OR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(Doc. No.  5)<br><br>February 11, 2022-Deadline |

　　　　This matter comes before the Court upon periodic review of the file.  Plaintiff initiated this action proceeding *pro se* on August 24, 2020.  (Doc. No. 1).  Plaintiff was granted leave to proceed *in forma pauperis.*  (Doc. No. 3).  On August 26, 2020, the Clerk issued summons and a scheduling order issued.  (Doc. Nos. 4, 5).  The summonses were returned executed as to the Commissioner of Social Security ("Commissioner").  (Doc. No. 7).  On May 17, 2021, the Commissioner filed the certified administrative record ("CAR") triggering certain deadlines.  (Doc.  No. 11).

　　　　A review of the docket reveals no action by Plaintiff to further prosecute this case.  *See* docket. Specifically, within thirty days of the Commissioner filing the CAR, Plaintiff was supposed to mail an informal letter brief to the Commissioner, filing a separate proof of service in the Court

indicating the brief was served on the Commissioner.[1]  (Doc. No. 5 at 2, ¶2(b)).  Plaintiff has not done so.  (*See* docket).  Further, Plaintiff has not filed an opening brief by the deadline specified in the Scheduling Order.  (*See* Doc. No. 5 at ¶¶ 3, 4, 6, requiring opening brief no later than 105 days after the filing of the CAR).

The Court has inherent authority to dismiss an action for lack of prosecution.  *Link v. Wabash R. Co.*, 370 U.S. 626 (1962).  Federal Rule of Civil Procedure 41(b) also permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is **ORDERED**:

1. **No later than February 11, 2022**, Plaintiff shall show cause in writing, why this case should not be dismissed for failure to prosecute and/or failure to comply with the Court's August 26, 2020 Scheduling Order.  Plaintiff's failure to respond to this Order, or explain her inability to respond, will result in a recommendation that the district court dismiss this case without further notice for Plaintiff's failure to comply with a court order and to prosecute this action.

2. In the alternative, Plaintiff may file a notice of voluntary dismissal under Fed. R. Civ. P. 41 (a) if she wishes to withdraw this action.

Dated:   January 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Thereafter, the Commissioner was supposed to file a response to the letter brief within thirty-five days, filing a separate proof of service indicating that the response was served on the Plaintiff.  (*Id.* at ¶2(c)).

2